UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAROL A. FILICETTI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA, THE STATE OF IDAHO and THE IDAHO STATE TAX COMMISSION,<br><br>　　　　　　Defendants. | Case No. 1:10-CV-00595-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Plaintiff's Motion for Entry of Partial Default Judgment against Defendants State of Idaho and the Idaho State Tax Commission (collectively the "State Defendants"). (Dkt. 7.)[1] The Defendants have not filed a response and the time for doing so has expired. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court

---

[1] There are also pending cross-motions for summary judgment which the Court will address in a separate order.

**MEMORANDUM ORDER - 1**

conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

## DISCUSSION

On October 28, 2010, Plaintiff, Carol A. Filicetti, initiated this action in the Fourth Judicial District of the State of Idaho by filing a Complaint to Quiet Title against the United States of America, the State of Idaho, and the Idaho State Tax Commission. (Dkt. 1.) The Complaint seeks to quiet the title of the home residence Ms. Filicetti claims was made her sole possession by virtue of a Divorce Decree.

The Complaint alleges that on or about June 16, 2009 and February 17, 2010, the Idaho State Tax Commission, an agency of Defendant, the State of Idaho, filed Notices of Idaho State Tax Lien against the residence with the Idaho Secretary of State as filing numbers T 415799 and T 454063. (Dkt. 1, Complaint at ¶¶ 16, 18.) On October 6, 2010, Ms. Filicetti filed a Request for Release of Lien from Property with the Idaho State Tax Commission which has not been addressed. (Dkt. 1, Complaint at ¶¶ 20, 27.) The case was removed to this Court by the United States of America on December 2, 2010. (Dkt. 1.) The Certificate of Service attached to the Complaint reflects it was served upon the Defendant United States of America on October 28, 2010. (Dkt. 1.) The Affidavit of Counsel filed in support of the Motion includes a document entitled Affidavit of Service issued by the state court for service of the Complaint and Summons upon the Idaho Attorney General's Office and Idaho State Tax Commission by a process server on October 29, 2010. (Dkt. 8-1, 8-2.)

**MEMORANDUM ORDER - 2**

In the instant Motion, Ms. Filicetti argues default judgment against the State Defendants is warranted in this case pursuant to Federal Rules of Civil Procedure 12(a)(1)(A) and 55(b)(2). (Dkt. 7.)

Rule 12(a)(1)(A) requires a defendant to serve an answer within 21 days after being served with the summons and complaint where service was not waived. Rule 55 provides that the Court may, in its discretion, order default judgment following the entry of default by the Clerk. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

Neither of the State Defendants have filed an Answer to the Complaint. Instead, on January 6, 2011, the State Defendants filed a Disclaimer stating that neither the Idaho State Tax Commission nor the State of Idaho have any interest in the particular real property described in Paragraph 5 of the Plaintiff's Complaint. (Dkt. 10.) Though this Disclaimer was not filed within the time period prescribed by Rule 12(a) for filing an answer, it effectively concedes that the State Defendants have no interest in the particular real property at issue here by reason of the state tax liens identified in the Complaint. (Dkt. 10.) The Disclaimer is qualified in that it reserves any claim the State Defendants may have pursuant to Idaho Code § 5-328 with the understanding that court costs, including attorney fees, will not be awarded against them. (Dkt. 10.)

Based on the foregoing, the Court finds entry of default against the State Defendants is appropriate in this case as reflected in the Disclaimer; reserving any claim the State Defendants may have pursuant to Idaho Code § 5-328. (Dkt. 10.) The State Defendants have

**MEMORANDUM ORDER - 3**

conceded that they have no interest in the real property at issue in this action and, as such, Ms. Filicetti's claim to quiet title to the real property as to the State Defendants is appropriate. The real crux of this case turns on the interest the United States claims to the real property which the Court will address in ruling on the cross-motions for summary judgment.

## ORDER

NOW THEREFOR IT IS HEREBY ORDERED that the Plaintiff's Motion for Partial Default Judgment (Dkt. 7) is **GRANTED**. The Default Judgment is HEREBY ENTERED against Defendants the State of Idaho and the Idaho State Tax Commission as to the Claim in the Complaint but does not preclude any claim the State Defendants may have pursuant to Idaho Code § 5-328.

DATED: **September 13, 2011**

*[signature: Edward J. Lodge]*

Honorable Edward J. Lodge
U. S. District Judge