UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAROL A. FILICETTI,<br><br>             Plaintiffs,<br>      v.<br><br>UNITED STATES OF AMERICA, THE STATE OF IDAHO; THE IDAHO STATE TAX COMMISSION,<br><br>             Defendant. | Case No. 1:10-cv-00595-EJL<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

**INTRODUCTION**

On February 5, 2013, United States Chief Magistrate Judge Candy W. Dale issued a Report and Recommendation ("Report"), recommending that Plaintiff's Motion for Attorney Fees and Costs be granted in part and denied in part and the Motion to Review Clerk's Action on Costs be denied. Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. 28 U.S.C. § 636(b)(1) and District of Idaho Local Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Defendant filed objections and a supporting Declaration arguing the Report erred in concluding: 1) the Defendant's positions were not substantially justified, 2) the Plaintiff exhausted her administrative remedies, 3) the administrative fees are recoverable, and 4) the lumped attorney fee time entries should not be denied in their entirety. (Dkt. 72, 73.) Plaintiff did not file any objections but did file a response to the Defendant's objections. (Dkt. 74.)

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Carol Filicetti, brought this action against the Defendant, the United States of America, seeking to quiet title on the home she was awarded in her 2005 divorce decree. (Dkt. 1.) The dispute arose in September of 2008 when the United States filed a notice of federal tax lien against the Plaintiff's ex-husband for his unpaid taxes and sought to levy upon the Plaintiff's house. This Court ultimately granted summary judgment in favor of the Plaintiff concluding that under Internal Revenue Code § 6321 and the terms of the divorce decree, Plaintiff's ex-husband had no property interest in the home at the time the United States filed its notice of federal tax lien and, therefore, the lien never attached to the house. (Dkt. 47.) Thereafter, Plaintiff filed the instant Motion for Attorney Fees and Costs pursuant to Internal Revenue Code § 7430 and Motion to Review Clerk's Action on Costs. These Motions are the subject of the Report, the United States' objections, and this Order. (Dkt. 51, 66.)[1] The Court finds as follows.

---

[1] Plaintiff also sought fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 which the Magistrate Judge properly addressed in the Report. (Dkt. 71.)

## DISCUSSION

**1.    Motion for Attorney Fees and Costs**

Plaintiff filed her Motion for Attorney Fees and Costs pursuant to Internal Revenue Code § 7430 which provides:

> In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for--
> (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and
> (2) reasonable litigation costs incurred in connection with such court proceeding.

26 U.S.C. § 7430. "Section 7430 imposes three...requirements for fees and costs recovery: (1) the underlying administrative or court action must be one by or against the United States 'in connection with the determination, collection, or refund of any tax, interest, or penalty' under the Internal Revenue Code; (2) the party must have 'exhausted the administrative remedies available to such party within the Internal Revenue Service; and (3) the prevailing party must not have protracted the proceedings.'" *United States v. Guess*, 390 F.Supp.2d 979, 985 (S.D. Cal. 2005) (quoting 26 U.S.C. §§ 7430(b)).

The Report concluded that Plaintiff had satisfied the three requirements for an award of attorney fees. The objections of the United States challenge the Report's conclusions in this regard.

### A. Substantially Justified Position

Section 7430 of the Internal Revenue Code "allows taxpayers to recover costs and attorneys' fees if they prevail in either civil or administrative proceedings, so long as the position of the United States was not substantially justified." *Pacific Fisheries Inc. v. United States*, 484 F.3d 1103, 1104 (9th Cir. 2007). "To prevail on a claim for attorneys' fees, a taxpayer must demonstrate that he has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented. A taxpayer is then entitled to attorneys' fees unless the United States can demonstrate that its position was substantially justified." *Id.* (citations omitted). Thus, it is the United States' burden of proof to show its position was substantially justified. *Id.* (citing 26 U.S.C. § 7430(b)(4)(B)(i)).

The position of the United States is substantially justified if it is "justified to a degree that satisfies a reasonable person." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "That is, it must have a reasonable basis in both law and fact." *Id.* Here, the United States argues its positions were substantially justified as to its belief that 1) it could avail itself of the protections provided in the Idaho Recording Act and 2) the divorce decree did not vest sole ownership in the subject property until after the federal tax liens had arisen against Plaintiff's ex-husband. (Dkt. 72.)

As to the first position, the United States argues there is conflicting circuit authority concerning when a federal tax lien attaches to property disposed of in a divorce decree. (Dkt. 72 at 5.) The United States maintains that its position was substantially justified as it was based on the approach used in the Fifth and Eleventh Circuits. This

Court as well as the Magistrate Judge previously considered the authority relied upon by the United States and soundly rejected the same. (Dkt. 47, 71.) Regardless, the Court has again reviewed the case law cited by the United States. Having done so, and for the reasons stated in the Report, which this Court agrees with and adopts, as well as this Court's prior Order, the Court denies the United States' objection regarding conflicting circuit authority. (Dkt. 47, 71.) The law applicable in this case, in this circuit is clearly contrary to the position taken by the United States. As such, the Court finds the United States' position on this point was not substantially justified.

On the second position, the United States maintains its argument that the divorce decree in this case was ambiguous was substantially justified and reasonable when read as a whole in light of basic contract interpretation. (Dkt. 72 at 12.) The Court has again reviewed the language of the divorce decree and finds it is not ambiguous. As the Court stated in its prior Order (Dkt. 47) the language of the divorce decree is plain and unambiguous. The United States' position on this point is not substantially justified.

### B. Exhaustion of Administrative Remedies

To recover fees and costs under § 7430, "the party must have exhausted the administrative remedies available to such party within the Internal Revenue Service...." *Guess*, 390 F.Supp.2d at 985. The United States objects to the Report's conclusion that Plaintiff had exhausted her administrative remedies arguing Plaintiff did not meet the requirements of 26 C.F.R. § 301.7430-1(d) for exhaustion. (Dkt. 72 at 13.) That regulation states:

>    (1) A party has not exhausted the administrative remedies available within the Internal Revenue Service with respect to a matter other than one to which paragraph (b) or (c) of this section applies (including summonses, levies, liens, and jeopardy and termination assessments) unless, prior to filing an action in a court of the United States (including the Tax Court and the Court of Federal Claims)--
>
>    >    (i) The party submits to the district director of the district having jurisdiction over the dispute a written claim for relief reciting facts and circumstances sufficient to show the nature of the relief requested and that the party is entitled to such relief; and
>
>    >    (ii) The district director has denied the claim for relief in writing or failed to act on the claim within a reasonable period after such claim is received by the district director.
>
>    (2) For purposes of this paragraph (d)(2), a reasonable period is–
>    ...
>    >    (iv) The 60–day period following receipt of the claim for relief in all other cases.

In this case, the notice provided by the United States instructed the Plaintiff to submit documents to the district director. Plaintiff submitted her claim seeking a certificate of nonattachment to the district director as instructed in the notice. (Dkt. 54-1.) The district director orally denied Plaintiff's claim. The Magistrate Judge concluded in the Report that this verbal denial satisfied the exhaustion requirement because the "IRS had acted verbally denying [Plaintiff's] claim." (Dkt. 71 at 12.) The Report went on to conclude that the "sixty day waiting period was not applicable because the IRS did not 'fail to act.' The IRS acted by verbally denying [Plaintiff]'s claim. Therefore, [Plaintiff] exhausted the only administrative remedy that was available." (Dkt. 71 at 12.)

The United States argues this conclusion is in error because under the regulation after a written claim for relief has been submitted, exhaustion can only occur if 1) the IRS issues a written denial of the claim or 2) the IRS fails to act on a written claim within sixty days; neither of which occurred here. (Dkt. 72 at 14.) The United States contends that Plaintiff's administrative claim was still pending at the time she filed her suit because no written denial had been issued and sixty-days had not yet passed. (Dkt. 72 at 15.)

This Court has reviewed this argument *de novo* and finds the Report's conclusion is correct. The Plaintiff submitted her claim as directed in the Notice supplied by the Government. The claim was verbally denied. Thus, under the applicable regulations, the IRS did act in denying the Plaintiff's claim. Furthermore, it appears the IRS has since issued a written notice denying Plaintiff's claim.

In their objections, the United States asserts that when the IRS orally denied the claim, it instructed Plaintiff to file a request for a discharge of the lien which she did by a letter dated "October 27, 2011." (Dkt. 72 at 15.) It is that request which the United States argues was under consideration at the time Plaintiff filed this action on "October 28, 2011." (Dkt. 72 at 15.) The IRS has since issued a written denial of the Plaintiff's claim on "November 15, 2011." (Dkt. 72 at 15-16.)[2] This argument was considered and addressed in the Report. (Dkt. 71 at 12 n. 5.) This Court also has considered the United States' argument as well as the Magistrate Judge's reasoning in rejecting the same and is

---

[2] It is worth noting that the United States' briefing on this issue erroneously states the wrong year for these submissions as having occurred in 2011; the correct year was 2010. (Dkt. 1, 54-1, 54-2.) Given the United States' staunch position concerning the running of the sixty day time period, it seems important to ensure the dates are accurately noted when calculating the time period.

**ORDER ON REPORT AND RECOMMENDATION - 7**

in agreement with the Report's conclusion on this point. For the reasons stated in the Report, the Court denies the United States' objection.

The Court agrees with the Report's conclusion that Plaintiff exhausted her administrative remedies. This is not a case where the individual simply neglected to pursue an administrative remedy and instead filed suit without giving the IRS an opportunity to consider possible administrative remedies. Here, the Plaintiff followed the instructions given to her by the IRS and was denied relief by the IRS. The United States' limited interpretation is unreasonable in this case given the Plaintiff's diligent and conscientious adherence to the instructions given to her by the IRS in pursuing her claim.

### C.     Recovery of Administrative Costs

Here, following the United States' filing of a notice of tax lien on her house, in October of 2010, Plaintiff filed with the IRS an application for nonattachment of federal tax lien and an application for certificate of discharge both under 26 U.S.C. § 6325. (Dkt. 54-1.) The United States argues the administrative costs incurred by Plaintiff in preparing and submitting her administrative claims are not recoverable in this case because this is a "collection action" and § 7430 does not allow for such recovery. (Dkt. 72 at 17.) The United States points to 26 C.F.R. § 301.7430-3(a) and (b) and 26 U.S.C. § 7430(c)(2)(B).

Section 7430 allows for recovery of "reasonable administrative costs" in an "administrative proceeding" but not in a "collection action." 26 U.S.C. § 7430(a)(1), (c)(2). Under 26 C.F.R. § 301.7430-3, an administrative proceeding "generally means any procedure or other action before the Internal Revenue Service" but does not include proceedings in connection with "collection actions." 26 C.F.R. § 301.7430-3(a)(4). As

defined by 26 C.F.R. § 301.7430-3(a)(4)(b), a collection action "generally includes any action taken by the Internal Revenue Service to collect a tax (or any interest, additional amount, addition to tax, or penalty, together with any costs in addition to the tax) or any action taken by a taxpayer in response to the Internal Revenue Service's act or failure to act in connection with the collection of a tax (including any interest, additional amount, addition to tax, or penalty, together with any costs in addition to the tax)." [3]

The Report concluded that the "collection action" exclusion did not apply in this case because the Plaintiff was not the "taxpayer" as defined by the regulation. (Dkt. 71 at 13-15.) Instead, the Report found it was the Plaintiff's ex-husband who was the taxpayer as he was the individual owing back taxes. The United States objects to the Report's conclusion arguing this action is a "collection action" because it is an action taken by the IRS to collect a tax; regardless of who the person is that owes the tax. (Dkt. 72 at 17.) Because the Plaintiff's submissions were made in response to the IRS's collection actions, i.e. the filing of a federal tax lien, the United States maintains that this is a "collection action" and the administrative fees are not recoverable.

---

[3] The regulation goes on to state:
> For example, a collection action for purposes of section 7430 and this section includes any action taken by the Internal Revenue Service under chapter 64 of subtitle F to collect a tax. Collection actions also include those actions taken by a taxpayer to remedy the Internal Revenue Service's failure to release a lien under section 6325 and to remedy any unauthorized collection action as defined by section 7433, except those collection actions described by section 7433(e). However, an action or procedure directly relating to a claim for refund filed with the Service Center's Collection Branch or District Director's Collection Division after payment of an assessed tax is not a collection action.

26 C.F.R. § 301.7430-3(a)(4)(b).

**ORDER ON REPORT AND RECOMMENDATION - 9**

Although the definition may be framed broadly, the Court finds the United States' interpretation to be far too broad such that it would include nearly any proceeding by the IRS as a collection action. Here, the IRS issued a notice of federal tax lien against Plaintiff's ex-husband for his unpaid taxes. That is clearly a collection action. It then sought to place a levy on Plaintiffs home. Plaintiff initiated the underlying administrative proceedings to challenge the levy on her home; essentially contesting the IRS's determination that the home was subject to the Plaintiff's ex-husband's unpaid tax liability. The Court finds Plaintiff's challenge to the proposed levy to be an "administrative proceeding" and, therefore, eligible for recovery of administrative costs under § 7430.

### D.      Reasonableness of Attorney Fee Award

The United States objects to the Report's disposition of the "lumped time entries" where attorney hours not allocable to the United States were joined with fees that are allocable to the United States. (Dkt. 72.) The Report recommended accounting for the non-allocable times by "trimming" the hours to deduct the extra tenths of an hour for the lumped time entries identified in United States' Exhibit A and deducting two hours spent on a separate motion for default. (Dkt. 71 at 18 n. 7.) The United States argues the lumped entries should be deducted in their entirety because the combination of reimbursable and nonreimbursable time is not recoverable; citing to *Barford v. Commissioner*, 194 F.3d 782 (7th Cir. 1999). (Dkt. 72 at 19.) Plaintiff argues this case is distinguishable and the Report's conclusion is a proper exercise of the court's discretion in determining attorney fees. (Dkt. 74 at 10.)

The *Barford* case involved the Seventh Circuit's affirming the Tax Court's ruling that the taxpayer's inability to allocate their litigation costs between those fees that were and were not reimbursable precluded any award of litigation costs under Internal Revenue Code § 7430. *Id.* Both parties here recognize the facts in *Barford* are distinct from this case but the United States seeks to liken the result concerning the unallocated litigation costs to the facts here. (Dkt. 72 at 19) (Dkt. 74 at 10.) The Court disagrees with the United States' argument.

In *Burford* the tax payer was unable to differentiate litigation costs between the two disputed issues in the case which resulted in their being denied litigation costs. Here, however, the "lumped" hours can be separated and have been properly separated as recommended by the Magistrate Judge in her Report. Having reviewed the particular billing records at issue, this Court is in agreement with the Magistrate Judge's recommendation deductions as reflected in footnote seven of the Report. (Dkt. 71 at 18 n. 7.) What is applicable in this case from the *Burford* decision, is that the standard of review concerning an award of attorney fees is abuse of discretion. *Id.* (There the Seventh Circuit concluded that the Tax Court, under the facts before it, did not abuse its discretion.); *see also Pacific Fisheries*, 484 F.3d at 1106 n. 2 (stating the same standard in the Ninth Circuit). In this case, the Court agrees with the Report's recommendation concerning the award of attorney fees as an appropriate exercise of this Court's discretion. Accordingly, the United States' objection on this point is denied.

## 2.     Motion to Review Clerks

The Clerk previously denied Plaintiff's Bill of Costs. (Dkt. 62.) Plaintiff filed a Motion to Review the Clerk's Action on Costs. (Dkt. 66.) The Magistrate Judge considered the Motion in the Report and concluded that the Costs Bill was properly denied. (Dkt. 71.) Neither side filed any objections to the Report's recommendations concerning the Motion to Review Clerk's Action on Costs. Where no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. See *Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties)
> . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R.

Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

On the Motion to Review Clerk's Action on Costs, the Court has reviewed the same and finds no clear error on the face of the record in the Magistrate Judge's recommendation as stated in the Report. Accordingly, the Court will adopt the same.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Report and Recommendation entered on January 7, 2013, (Dkt. 71) is **INCORPORATED** by reference and **ADOPTED EXCEPT AS MODIFIED HEREIN**.

2) The Motion for Attorney Fees and Costs (Dkt. 51) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is awarded litigation and administrative costs under 26 U.S.C. § 7430 in the total amount of $29,358.00 for Mr. Alkire's time. Mr. Alkire is directed to submit a supplemental affidavit detailing the time spent in 2012 and, if able, correcting the deficiencies with respect to the time claimed for his legal assistant, consistent with the instruction given in the Report and Recommendation. Any supplemental affidavit shall be submitted no later than **March 28, 2013**. The United States may file a response to the same on or before **April 4, 2013**. Any reply brief shall be filed no later than **April 8, 2013**. If a supplemental affidavit is filed, the Court will refer review of the same to Chief Magistrate Judge Dale.

3) The Motion to Review Clerk's Action on Costs (Dkt. 66) is **DENIED**.

DATED: **March 12, 2013**

Honorable Edward J. Lodge
U. S. District Judge